**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

AARON ALLEN FOLEY,

    Petitioner,

v.                                                    Case No. 3:19-cv-986-TJC-PDB

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

    Respondents.
_____

**ORDER**

    **I.**    **Status**

Petitioner, an inmate of the Florida penal system, initiated this action by filing a pro se Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1). Petitioner challenges a state court (Clay County, Florida) judgment of conviction for which he is ultimately serving twelve years in prison. In the Petition, Petitioner raises three grounds of ineffective assistance of trial counsel. Respondents have moved to dismiss the Petition as untimely filed, or alternatively, to deny the Petition because the claims are procedurally barred. See Respondents' Motion to Dismiss or Deny Petition for Writ of Habeas Corpus (Doc. 9). Respondents filed exhibits in

support (Docs. 9-1 to 9-9; Resp. Ex.). Petitioner filed a Reply (Doc. 11). This case is ripe for review.

**II.     One-Year Limitations Period**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) amended 28 U.S.C. § 2244 by adding the following subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

2

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### III. <u>Analysis</u>[1]

Following a jury trial, the state court entered judgment on September 4, 2012, adjudicating Petitioner guilty of burglary of a dwelling, structure, or conveyance while armed (count one); two counts of grand theft (counts two and three); possession of a firearm by a convicted felon (count four); and possession of ammunition by a convicted felon (count five). Resp. Ex. A at 126-36; Resp. Ex. C (sentencing transcript). Petitioner appealed, and on April 24, 2013, the First District Court of Appeal affirmed the convictions on counts one, three, four, and five, but vacated the conviction and sentence on count two, with instructions to the circuit court to enter "a judgment and sentence for petit theft in the second degree." Resp. Ex. G. The mandate issued on May 10, 2013. Resp. Ex. H. Ultimately, on remand, the state court entered an amended judgment and sentence on February 3, 2014. Resp. Ex. I at 95-107.

Prior to entry of the amended judgment, on October 16, 2013, Petitioner filed a postconviction motion pursuant to Florida Rule of Criminal Procedure

---

[1] The Court summarizes only the relevant procedural history.

3

3.850, and an amended Rule 3.850 motion on January 21, 2014. Resp. Ex. I at 1-24, 41-73. On February 4, 2014, the state court entered an order denying both motions, and subsequently denied Petitioner's request for rehearing. Id. at 108-18. Petitioner appealed, and on April 23, 2015, the First DCA affirmed in part, reversed in part, and remanded with instructions to allow Petitioner to amend on two grounds. Resp. Exs. O (April 23, 2015 order); P (May 19, 2015 mandate).[2]

On remand, additional postconviction proceedings were held, and on January 13, 2016, the state court vacated Petitioner's conviction and sentence on count five (possession of ammunition by a convicted felon), vacated his sentences on counts one through four, and ordered a resentencing hearing. See Resp. Ex. R at 83-90. On February 13, 2017, the state court entered an amended judgment sentencing Petitioner on counts one through four as follows: twelve years in prison with a ten-year minimum mandatory on count one (with 1,805 days credit to run concurrent with his other sentences), sixty days on count two (with sixty days credit), five years on count three (with 1,805 days credit), and five years on count four with a three-year minimum mandatory (with 1,805 days credit). Resp. Ex. Z; see also Resp. Ex. KK at 37-46 (sentencing transcript).

---

[2] Petitioner had other postconviction proceedings in 2014 and 2015, see Resp. Exs. AA-JJ, but these proceedings have no effect on the timeliness of the Petition.

4

On March 10, 2017, Petitioner filed a motion to correct sentencing error under Florida Rule of Criminal Procedure 3.800(b)(1). Resp. Ex. KK at 5-16 (unsigned motion), 20-29 (signed motion). On August 28, 2017, the state court dismissed the motion. Resp. Ex. KK at 47-50. Petitioner appealed, but he subsequently filed a motion to dismiss the appeal. Resp. Exs. KK at 115; NN. Citing Florida Rule of Appellate Procedure 9.350(b),[3] the First DCA dismissed the appeal on June 5, 2018. Resp. Ex. OO.

On July 23, 2018, Petitioner filed a "Second or Successive Motion for Post Conviction Relief" pursuant to Rule 3.850. Resp. Ex. PP at 21-49. In that motion, he raised three claims of ineffective assistance of trial counsel—the same three claims he raises in the instant Petition. Compare id., with Docs. 1-2 to 1-4. On July 31, 2018, the state court dismissed the motion as untimely and successive. Resp. Ex. PP at 50-55. In doing so, the state court recognized that the claims were based on counsel's performance before and during trial, and the court found "no good cause for [Petitioner's] failure to raise the allegations in his prior rule 3.850 motion." Id. at 54. Petitioner appealed, and on May 31, 2019, the First DCA affirmed that dismissal without a written opinion. Resp. Ex. SS. Petitioner's motion for rehearing was denied, Resp. Ex. UU, and the mandate

---

[3] "A proceeding of an appellant or a petitioner may be dismissed before a decision on the merits by filing a notice of dismissal with the clerk of the court without affecting the proceedings filed by joinder or cross-appeal." Fla. R. App. P. 9.350(b).

5

issued on August 5, 2019. Resp. Ex. VV. Petitioner filed the instant Petition on August 22, 2019.

Giving Petitioner the benefit of the doubt and the most lenient calculations, the Court still finds his Petition was untimely filed. Petitioner's final amended judgment was entered on February 13, 2017. Petitioner did not appeal his amended sentences, so his judgment became final thirty days thereafter on March 15, 2017. See Fla. R. App. P. 9.140(b)(3). Assuming that Petitioner's federal one-year limitations period was tolled by the proceedings on his Rule 3.800(b) motion (which had been filed on March 10, 2017, prior to his judgment becoming final), his time remained tolled until June 5, 2018, when the First DCA dismissed the appeal. With this assumption, Petitioner had one year from June 6, 2018, to file his federal habeas petition.

The proceedings stemming from Petitioner's "Second or Successive Motion for Post Conviction Relief" pursuant to Rule 3.850 filed on July 23, 2018, that was dismissed as untimely and successive, did not toll the one-year limitations period, because it was not a properly filed motion. See Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005) (holding that a state postconviction motion that is rejected by the state court as untimely filed is not "properly filed" for purposes of § 2244(d)(2)); Jones v. Sec'y, Fla. Dep't of Corr., 906 F.3d 1339, 1350 (11th Cir. 2018) (deferring to the state court's ruling that a Rule 3.850 motion was untimely and thus finding that the motion was not properly filed

6

and did not toll AEDPA's one year limitations period). Therefore, between June 6, 2018 (the latest possible date Petitioner's one-year limitations period could have started to run), and August 22, 2019 (the date the instant Petition was filed), Petitioner's one-year limitations period ran for more than one year without the benefit of any tolling motions. Thus, the Petition is untimely filed.

Petitioner recognizes that his Petition is untimely, but he contends that he is entitled to equitable tolling. See Doc. 11 at 4. "A petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Thomas v. Att'y Gen., 992 F.3d 1162, 1179 (11th Cir. 2021) (internal quotations and citations omitted). According to Petitioner, the state court mishandled his appeal of the order denying his first Rule 3.850 motion, and his second or successive Rule 3.850 motion "should be considered nunc pro tunc back to the time when the pleadings should have been entered" to "correct the state court's malfeasance." Doc. 11 at 4. He argues that when the state court failed to correct his double jeopardy claim in his first Rule 3.850 motion, he was forced to file that claim again, and because the First DCA did not issue its latest mandate until August 5, 2019, he could not file his Petition timely. See id. at 6.

While the procedural history of Petitioner's postconviction proceedings is more involved than the typical case, his assertions do not entitle him to

7

equitable tolling. As the state court found, he failed to present good cause for not raising the three ineffective assistance of counsel claims in his first Rule 3.850 motion. And simply because the First DCA did not issue its mandate on his successive proceeding until after his one-year period expired does not mean that extraordinary circumstances stood in his way. Petitioner created such circumstances by not raising his claims properly. Finally, Petitioner does not make any showing of actual innocence. See McQuiggin v. Perkins, 569 U.S. 383, 386 (2013); Rozzelle v. Sec'y Fla. Dep't of Corr., 672 F.3d 1000, 1011 (11th Cir. 2012). Thus, this case is due to be dismissed with prejudice as untimely.[4]

Accordingly, it is

---

[4] Even assuming Petitioner was entitled to equitable tolling, his claims are procedurally barred. The three ineffective assistance of counsel claims that Petitioner raises in the Petition were raised in his successive Rule 3.850 motion. The state court dismissed the motion as untimely and successive. Resp. Ex. PP at 50-55. Petitioner appealed, and the First DCA affirmed that dismissal without a written opinion, Resp. Ex. SS, denied Petitioner's motion for rehearing, Resp. Ex. UU, and issued its mandate on August 5, 2019, Resp. Ex. VV. The state court's decision rests on an independent and adequate state law ground, and because Petitioner fails to show cause and prejudice or a miscarriage of justice, his claims are barred on federal habeas review. See Thomas, 992 F.3d at 1184 ("'A federal habeas claim may not be reviewed on the merits where a state court determined . . . that the petitioner failed to comply with an independent and adequate state procedural rule that is regularly followed.'" (quoting Philmore v. McNeil, 575 F.3d 1251, 1260 (11th Cir. 2009)); Lambrix v. Sec'y, Fla. Dep't of Corr., 756 F.3d 1246, 1259-60 (11th Cir. 2014) ("Under the procedural default doctrine, if a state prisoner 'defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged

**ORDERED**:

1. This case is **DISMISSED with prejudice** as untimely.

2. The **Clerk** shall enter judgment accordingly, terminate any pending motions, and close this case.

3. If Petitioner appeals the dismissal of this case, the Court denies a certificate of appealability. Because the Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.[5]

**DONE AND ORDERED** at Jacksonville, Florida, this 7th day of October, 2021.



TIMOTHY J. CORRIGAN
United States District Judge

---

violation of federal law....'" (quoting Coleman v. Thompson, 501 U.S. 722, 750 (1991)).

[5] The Court should issue a certificate of appealability only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).  Here, after consideration of the record as a whole, the Court will deny a certificate of appealability.

JAX-3 10/4
c:
Aaron Foley, #J39095
Counsel of Record